# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CHARLES RILEY,**

        Plaintiff,

vs.   CASE NO._____

**HOME DEPOT U.S.A, INC.**
**and CITIBANK, N.A.,**

        Defendants.
_____/

## COMPLAINT
## DEMAND FOR A JURY TRIAL

### INTRODUCTION

1. On or about June 26, 2021, Defendants impermissibly obtained Plaintiff's consumer report under false pretenses in violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("the FCRA").

### JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over Plaintiff's FCRA claims pursuant 28 U.S.C. § 1331. Venue in this District is proper as Defendants engage in substantial business activity in this District, and a substantial part of the events or omissions giving rise to the claim occurred within this District, 28 U.S.C. § 1391(b).

## PARTIES

3. Plaintiff, Charles Riley is a natural person and a citizen of the State of Florida, residing in the Middle District of Florida.

4. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

5. Defendant, Home Depot, U.S.A, Inc. ("Home Depot") is a foreign profit corporation with its principal place of business and corporate offices in Atlanta, GA.

6. Home Depot is the "world's largest home improvement retailer." *See* https://corporate.homedepot.com/about (last accessed Jan. 1, 2022).

7. Defendant, Citibank, N.A. ("Citibank") is a national association with its principal place of business and corporate offices in Sioux Falls, South Dakota.

8. Citibank issues and services Home Depot branded credit cards.

9. Any reference hereinafter to Defendants is meant to refer to Home Depot and Citibank jointly and severally.

10. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants.

11. Defendants are "persons" as defined by the FCRA, 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

### The FCRA

12.     There is no dispute that Congress enacted the FCRA to, at least in part, "protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 52 (2007). One of the primary protections within the FCRA is the requirement that users have a permissible purpose when they obtain or use a consumer report. *See* 15 U.S.C. § 1681b(a) and (f). To this end, Congress included in the Act an elaborate set of interlocking provisions that restrict the access to and dissemination of consumer reports to parties having a legitimate interest in obtaining the information. *See, e.g., Yang v. Government Employees Insurance Co.*, 146 F.3d 1320, 1322 (11th Cir. 1998); 15 U.S.C. § 1681b(a) (exhaustive list of permissible purposes); 15 U.S.C. § 1681e(a) (requiring CRAs to maintain procedures to limit furnishing of consumer reports to the permissible purposes listed under section 1681b); 15 U.S.C. § 1681b(f) (prohibiting users from obtaining consumer reports without a permissible purpose); 15 U.S.C. § 1681q (making it a crime to obtain consumer report under false pretenses).

13.     Relevant here, there are two specific provisions of the FCRA that apply to persons who obtain consumer reports and impose liability upon persons who unlawfully obtain consumer reports: one that prohibits obtaining a credit report for an improper purpose, 15 U.S.C. § 1681(f)(1); and one that prohibits obtaining a credit report under false pretenses, 15 U.S.C. § 1681q.

14. With respect to the first provision, "The FCRA prohibits a person from using or obtaining a credit report for any purpose unless 'the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section.'" *Pinson v. JPMorgan Chase Bank*, 942 F.3d 1200, 1213 (11th Cir. 2019) (quoting 15 U.S.C. § 1681b(f)(1). Section 1681b(a) narrowly and exhaustively lists all permissible purposes for which a person may obtain a consumer report. *Id.* This provision also requires the person requesting the report to certify the purpose for which the report is sought and to certify the report will not be used for any other purpose. *Id.* (discussing 15 U.S.C. § 1681b(f)(2)).

15. A person who willfully or negligently obtains a consumer report without a statutorily permissible purpose is subject to civil liability. *See* 15 U.S.C.A. §§ 1681n- 1681p.

16. The second FCRA provision, "makes it a crime to 'knowingly and willfully obtain[ ] information on a consumer from a consumer reporting agency under false pretenses.'" *Pinson v. JPMorgan Chase Bank*, 942 F.3d 1200, 1214 (11th Cir. 2019) (quoting 15 U.S.C. § 1681q). "This crime, contained in the same subchapter as the rest of the FCRA, is enforceable by the FCRA's private right of action." *Id.* "[I]ntentionally obtaining a credit report under the guise of a permissible purpose while intending to use the report for an impermissible purpose can constitute false pretenses under § 1681q." *Id.*

**Plaintiff's Factual Allegations**

17. On or about June 26, 2021, Plaintiff visited a Home Depot store. At the cash register, a Home Depot employee asked Plaintiff for Plaintiff's information in order to sign Plaintiff up for a discount program.

18. The Home Depot employee never told Plaintiff that Plaintiff's credit would be pulled or that the employee was applying for a credit card with Plaintiff's information.

19. Plaintiff is trying to re-build his credit and would never have agreed to have his credit pulled for a credit card.

20. On or about June 29, 2021, Plaintiff received a letter from Defendants stating they had obtained his consumer report from Equifax and his application for a Home Depot credit card was denied.

21. Equifax is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

22. Defendants obtained Plaintiff's consumer report, doing what is colloquially known as a "hard" inquiry, or viewing Plaintiff's entire credit history.

23. The distinction between a "soft" and "hard" credit inquiry is substantial. Specifically, a "hard" inquiry reduces a consumer's credit score, remains on credit reports for two years, and contains substantially more information (that is confidential and personal) than a "soft" inquiry. Further a "soft" inquiry does not appear on a credit report to any inquiring party, and does not lower an individual's credit score. *See* 15 U.S.C. §§ 1681b(a)(3)(A) and 1681b(c).

24. In fact, Plaintiff was notified by his credit monitoring service that the "hard" inquiry by Defendants caused his score to drop by 30 points.

25. Plaintiff immediately contacted Defendants and notified it that Defendants did not have authorization to obtain Plaintiff's consumer report, but his complaint was ignored.

26. Upon information and belief, discovery will show, that it is the corporate policy and culture of Defendants' businesses to look the other way and dismiss complaints of unauthorized credit pulls and tacitly encourage their employees to obtain credit reports without permission.

27. Upon information and belief, to obtain Plaintiff's consumer report, Defendants certified that Plaintiff authorized Defendants to obtain the Plaintiff's consumer report and / or that Plaintiff had applied for credit with Defendants.

28. Plaintiff did not authorize Defendants to obtain Plaintiff's consumer report on or about June 26, 2021.

29. Plaintiff did not apply for credit with Defendants on or about June 26, 2021.

30. Defendants did not have a permissible purpose for obtaining Plaintiff's consumer report on or about June 26, 2021.

31. Defendants knew it did not have a permissible purpose for obtaining Plaintiff's consumer report when it obtained Plaintiff's consumer report on or about June 26, 2021.

32. Yet, Defendants obtained Plaintiff's personal and sensitive information contained in Plaintiff's consumer report anyway.

33. In order to obtain Plaintiff's consumer report, Defendants knowingly and willfully made false representations to Equifax regarding its purpose for obtaining the consumer report.

34. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff.

35. As a result of Defendants' conduct, Plaintiff suffered concrete injuries. In addition to having Plaintiff's privacy invaded and reduction in credit score, Plaintiffs' personal identifying information was unnecessarily disseminated to the Defendants, and, upon information and belief to its related information-sharing affiliates. *See Nayab v. Capital One Bank (U.S.)*, 942 F.3d 480 (9th Cir. 2019) (holding that obtaining a credit report for a purpose not authorized under the FCRA was a substantive invasion of a concrete right sufficient to confer standing), *followed by Daniel v. Concord Advice, LLC.*, No. 8:19-CV-02978-T-02SPF (M.D. Fla. May 6, 2020). Further, Defendants have subjected Plaintiff to an increased risk of identity theft and/or a data breach, resulting in consequential anxiety and emotional distress. Defendants also caused Plaintiff emotional distress by causing harm to Plaintiff's relationship with his girlfriend who has been helping Plaintiff re-build his credit. Additionally, Plaintiff was forced to expend time, resources, and effort in order to correct the misinformation on Plaintiff's credit report, namely removing the hard

inquiry which negatively affected Plaintiff's credit score (which Plaintiff in no way caused), to the extent possible. *See Pinson v. JPMorgan Chase Bank*, 942 F.3d 1200, 1207 (11th Cir. 2019) ("We have held that the time spent by a person attempting to correct a false credit report constitutes a concrete injury for purposes of an FCRA claim.") (citing *Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1280 (11th Cir. 2017) ("Pedro also alleged a concrete injury because she alleged that she 'lost time ... attempting to resolve the credit inaccuracies.'")).

## COUNT I
## OBTAINING A CONSUMER REPORT FOR IMPERMISSIBLE PURPOSE IN VIOLATION OF THE FCRA, 15 U.S.C. § 1681 *et seq.*

36. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

37. Defendants violated 15 U.S.C. § 1681b(f) by obtaining a consumer report without a permissible purpose and without authorization from Plaintiff.

38. The foregoing violations were willful. Defendants knew it was not authorized to request Plaintiff's consumer report and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff under 15 U.S.C. § 1681b.

39. As a direct and proximate result of Defendants' willful conduct as outlined above, Plaintiff is entitled to $100-$1000 in statutory damages, plus punitive damages and reasonable attorney's fees together with the costs of this action pursuant to 15 U.S.C. § 1681n(a).

40. Alternatively, the impermissible access of Plaintiff's consumer report constitutes a negligent violation as set forth in 15 U.S.C. § 1681o. In this regard, Plaintiff is entitled to recover Plaintiff's actual damages in an amount to be proven at trial, plus reasonable attorney's fees together with the costs of this action.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a. Actual damages;

   b. Statutory damages;

   c. Punitive damages;

   d. Attorney's fees, litigation expenses and costs of suit; and

   e. Such other or further relief as the Court deems proper.

## COUNT II
## OBTAINING A CONSUMER REPORT
## UNDER FALSE PRETENSES
## IN VIOLATION OF THE FCRA, 15 U.S.C. § 1681 *et seq.*

41. Plaintiff incorporates Paragraphs 1 through 35 above as if fully set forth herein.

42. Defendants violated 15 U.S.C. § 1681q by knowingly and willfully obtaining information on a consumer from a consumer reporting agency under false pretenses.

43. As a direct and proximate result of Defendants' willful conduct as outlined above, Plaintiff is entitled to $100-$1000 in statutory damages, plus punitive

damages and reasonable attorney's fees together with the costs of this action pursuant to 15 U.S.C. § 1681n(a).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. Attorney's fees, litigation expenses and costs of suit; and

e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s/ Kimberly H. Wochholz*
Kimberly H. Wochholz – Lead Counsel
Fla. Bar No. 0092159
The Consumer Rights Law Group, PLLC
P.O. Box 5326
Sun City Center, Florida 33571
Tel: (813) 435-5055 ext 102
Fax: (866) 535-7199
Kim@ConsumerRightsLawGroup.com
***Counsel for Plaintiff***